### David GLASON *v.* STATE of Arkansas

CR 80-223                                      611 S.W. 2d 752

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with burglary, Ark. Stat. Ann. § 41-2002 (Repl. 1977), and attempted rape, Ark. Stat. Ann. § 41-701 (Repl. 1977). However, a jury convicted him only of burglary, imposing a 20 year sentence. His sole point on appeal is that the court should have suppressed two items taken in a warrantless search of his apartment.

Appellant broke into the victim's apartment in the early morning hours. Appellant, whom she recognized, fled after she successfully fought off his alleged attempt to rape her at gun point. He was arrested shortly thereafter in a nearby apartment, which he shared with Ms. Roella Dean. After he

was taken to the patrol car, the arresting officer returned to the apartment building to further interview the victim. The officer then talked to Ms. Dean, who gave him permission to search the apartment after he advised her she had a right to refuse a warrantless search. However, Ms. Dean testified that, although permission was asked, she did not remember ever authorizing the search or saying anything; she did not remember being told that a search warrant could be secured; and she told them during the search she did not think she had given them permission to search, to which the officer replied that she had. She never denied giving permission. In the bedroom of the apartment, the officers found a pistol and a pair of trousers, both with fresh blood on them. Appellant's motion to suppress these items was denied. Both were introduced in evidence because of the connection between the fresh blood and the wounds found on appellant's hands and back at the time of his arrest.

One who has joint possession or equal authority with respect to premises, as here, had authority to permit a warrantless search. *Grant* v. *State*, 267 Ark. 50, 589 S.W. 2d 11 (1979); *King* v. *State*, 262 Ark. 342, 557 S.W. 2d 386 (1977); and *U.S.* v. *Matlock*, 415 U.S. 164 (1970). We give considerable weight to the findings of the trial court whose function is to resolve conflicts in evidence and the credibility of the witnesses. The voluntariness of a consent is a fact question to be determined from the totality of the circumstances with the burden upon the state to show that consent is freely and voluntarily given by clear and positive testimony. *Moore* v. *State*, 265 Ark. 20, 576 S.W. 2d 211 (1979); and *King* v. *State, supra*. Here, tested by these rules, we hold that the state has demonstrated that consent to search the apartment was freely and voluntarily given.

Even if it be said that the two items should have been suppressed as evidence, the evidence without these items is so overwhelming as to guilt of burglary that the asserted error, if of constitutional proportions, is harmless beyond any reasonable doubt. *Pace* v. *State*, 265 Ark. 712, 580 S.W. 2d 689 (1979). Here appellant took the witness stand and denied the rape attempt. However, because he needed money, he broke into the victim's apartment for the purpose of "burglarizing

it", not knowing she was at home. He denied having the gun with him. He admitted he had a cut hand and he got fresh blood on the gun and his pants by handling them when he returned to his apartment.

Affirmed.